# No. 23-60230

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH; NATHANIEL FISCHER; PHILLIP ARONOFF,

                                    Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION,

                                    Respondent.

Petition for Review from an Order of the Securities and Exchange Commission

# ADDENDUM

GENE P. HAMILTON
REED D. RUBINSTEIN
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

R. TRENT MCCOTTER
  *Counsel of Record*
JONATHAN BERRY
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY & ASSOCIATES
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

*National Center for Public Policy Research et al. v. SEC*

No. 23-60230

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. National Center for Public Policy Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.
2. Nathaniel Fischer
3. Phillip Aronoff
4. The Securities and Exchange Commission
5. Boyden Gray & Associates PLLC
6. R. Trent McCotter
7. Jonathan Berry
8. Michael Buschbacher
9. Jared M. Kelson

10. The Kroger Co. It is publicly traded under the ticker KR, and, according to public information, The Vanguard Group, Inc., owns 10% or more of its stock.

11. BlackRock Inc. It is publicly traded under the ticker BLK, and, according to public information, no publicly held corporation owns 10% or more of its stock.

12. American Express Co. It is publicly traded under the ticker AXP, and, according to public information, Berkshire Hathaway, Inc., owns 10% or more of its stock.

13. Apple Inc. It is publicly traded under the ticker AAPL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

14. Alphabet Inc. It is publicly traded under the ticker GOOGL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

15. Walgreens Boots Alliance Inc. It is publicly traded under the ticker WBA, and, according to public information, no publicly held corporation owns 10% or more of its stock.

16. Gene P. Hamilton

17. Reed D. Rubinstein

18. America First Legal Foundation

19. Theodore J. Weiman

20. Tracey A. Hardin

21. Megan Barbero

22. Michael A. Conley

23. National Association of Manufacturers

24. Lehotsky Keller Cohn LLP

25. Steven P. Lehotsky

26. Adam Steene

27. Erica Klenicki

28. Scott A. Keller

29. Matthew H. Frederick

30. Todd Disher

31. Alexis Swartz

Dated: July 14, 2023

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

# **TABLE OF CONTENTS**

Declaration of Scott Shephard ...................................................... Ex. A

Declaration of Nathaniel Fischer ................................................. Ex. B

Declaration of Phillip Aronoff ...................................................... Ex. C

# Ex. A

## DECLARATION OF SCOTT SHEPARD

1. My name is Scott Shepard. I am over the age of 18 and am competent to submit this declaration. The facts set forth in this declaration are based on my personal knowledge and are submitted solely in my own capacity.

2. I am the Director of the National Center for Public Policy Research's (NCPPR) Free Enterprise Project.

3. On May 10, 2023, NCPPR submitted to the Kroger Company, for inclusion in its 2024 proxy materials, the same viewpoint-and-ideology proposal that NCPPR submitted for Kroger's 2023 proxy materials. A true and accurate copy of the May 10 submission is on this Court's docket at ECF No. 44-2 at pages 2–5.

4. On May 12, 2023, NCPPR submitted to the Microsoft Corporation, for inclusion in its 2023 proxy materials, the same viewpoint-and-ideology proposal that NCPPR submitted for Kroger's 2023 proxy materials. A true and accurate copy of the May 12 submission is on this Court's docket at ECF No. 44-2 at pages 6–9.

5. On May 12, 2023, NCPPR submitted to BlackRock, Inc., for inclusion in its 2024 proxy materials, the same viewpoint-and-ideology proposal that NCPPR submitted for Kroger's 2023 proxy materials. A true and accurate copy of the May 12 submission is on this Court's docket at ECF No. 44-2 at pages 10–13.

6. On June 20, 2023, NCPPR submitted to Walgreens Boots Alliance, Inc., for inclusion in its 2024 proxy materials, the same viewpoint-and-ideology proposal that NCPPR submitted for Kroger's 2023 proxy materials. A true and accurate copy is attached to this declaration.

7. Each time that NCPPR has submitted this proposal in the past, the receiving company has sought no-action relief, and each time the SEC has granted no-action relief. *See BlackRock, Inc.*, 2022 WL 225967 (Apr. 4, 2022); *Walgreens Boots All., Inc.*, 2020 WL 5656738 (Nov. 12, 2020);

*Salesforce.com, Inc.*, 2020 WL 605941 (Mar. 5, 2020); *Alphabet Inc.*, 2020 WL 605360 (Feb. 24, 2020); *Apple Inc.*, 2019 WL 5420787 (Dec. 20, 2019).

8. Given the consistent actions of these companies and the SEC in the past, it is a near-certainty that at least one (and likely all) of these companies will seek no-action relief and that the SEC will provide such relief.

9. NCPPR intends to continue submitting this proposal in the future to these and additional companies for which NCPPR is eligible to submit shareholder proposals, as evidenced by our past practice of submitting this proposal over a period of years to a variety of companies.

10. In particular, NCPPR is currently preparing to submit the same proposal in the next two or three weeks to American Express, Apple, and Alphabet for their upcoming proxy seasons.

11. Given the consistent actions of these companies and the SEC in the past, it is a near-certainty that at least one (and likely all) of these companies will seek no-action relief and that the SEC will provide such relief.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2023



June 19, 2023

**<u>Via FedEx to</u>**

Attention: Corporate Secretary
Walgreens Boots Alliance, Inc.
108 Wilmot Road
MS #1858
Deerfield, Illinois 60015

Dear Sir/Madam,

I hereby submit the enclosed shareholder proposal ("Proposal") for inclusion in the Walgreens Boots Alliance, Inc. (the "Company") proxy statement to be circulated to Company shareholders in conjunction with the next annual meeting of shareholders. The Proposal is submitted under Rule 14(a)-8 (Proposals of Security Holders) of the United States Securities and Exchange Commission's proxy regulations.

I submit the Proposal as the Deputy Director of the Free Enterprise Project of the National Center for Public Policy Research, which has continuously owned Company stock with a value exceeding $2,000 for at least 3 years prior to and including the date of this Proposal and which intends to hold these shares through the date of the Company's 2024 annual meeting of shareholders. A proof of ownership letter is forthcoming.

Pursuant to interpretations of Rule 14(a)-8 by the Securities & Exchange Commission staff, I initially propose as a time for a telephone conference to discuss this proposal July 5, 2023 or July 6, 2023 from 1-4 p.m. eastern. If that proves inconvenient, I hope you will suggest some other times to talk. Please feel free to contact me at srehberg@nationalcenter.org so that we can determine the mode and method of that discussion.

Copies of correspondence or a request for a "no-action" letter should be sent to me at the National Center for Public Policy Research, 2005 Massachusetts Ave. NW, Washington, DC 20036 and emailed to srehberg@nationalcenter.org.


Sincerely,

*[signature: Sarah R.]*

Sarah Rehberg

cc:          Scott Shepard, FEP Director
Enclosures:  Shareholder Proposal

## EEO Policy Risk Report

**RESOLVED**

Shareholders request that Walgreens Boots Alliance, Inc. (Walgreens) issue a public report detailing the potential risks associated with omitting "viewpoint" and "ideology" from its written equal employment opportunity (EEO) policy. The report should be available within a reasonable timeframe, prepared at a reasonable expense and omit proprietary information.

**SUPPORTING STATEMENT**

Walgreens does not explicitly prohibit discrimination based on viewpoint or ideology in its written EEO policy.

Walgreens' lack of a company-wide best practice EEO policy sends mixed signals to company employees and prospective employees and calls into question the extent to which individuals are protected due to inconsistent state policies and the absence of federal protection for partisan activities. Approximately half of Americans live and work in a jurisdiction with no legal protections if their employer takes action against them for their political activities.

Companies with inclusive policies are better able to recruit the most talented employees from a broad labor pool, resolve complaints internally to avoid costly litigation or reputational damage, and minimize employee turnover. Moreover, inclusive policies contribute to more efficient human capital management by eliminating the need to maintain different policies in different locations.

There is ample evidence that individuals with conservative viewpoints may face discrimination at Walgreens and need formal protections.

Liberal activists have targeted the Company for boycotts over allegations that some employees have declined to sell birth control products to customers.[1] Calls for boycotts have only increased due to Walgreens' decision to decline to sell the abortion pill in certain states.[2] Such calls to boycott the Company have included extreme rhetoric designed to disparage and vilify individuals who do not share a leftwing or pro-abortion worldview.

For instance, leftwing filmmaker and Democrat activist Michael Moore said Walgreens "caved into threats from the extremist anti-abortion/Forced Birth movement" and is "further cement[ing] women's status as second-class citizens."[3] Democrat California Governor Gavin Newsom said his state would cut ties with the Company. "California won't be doing business with Walgreens

---

[1] https://www.newsweek.com/walgreens-hit-boycott-calls-amid-claims-birth-control-sale-hassles-1725785; https://abc7.com/walgreens-boycott-customers-denied-birth-control/12067835/
[2] https://www.forbes.com/sites/alisondurkee/2023/03/07/walgreens-sparks-calls-for-boycotts-after-refusing-to-dispense-abortion-pills-in-some-states/?sh=461c738c76f0; https://www.latimes.com/opinion/story/2023-03-08/editorial-walgreens-despicable-medication-abortion-pills
[3] https://www.forbes.com/sites/alisondurkee/2023/03/07/walgreens-sparks-calls-for-boycotts-after-refusing-to-dispense-abortion-pills-in-some-states/?sh=461c738c76f0

— or any company that cowers to the extremists and puts women's lives at risk…We're done," he tweeted.[4]

Although federal law generally protects employees from retribution for religious beliefs, it does not protect them from reprisal for social or political ideologies.[5] Given the hostilities against the Company in recent years, protecting employees who do not subscribe to the boycotters' worldview is more important than ever.

Presently, shareholders are unable to evaluate how Walgreens prevents discrimination towards employees based on their ideology or viewpoint, mitigates employee concerns of potential discrimination, and ensures a respectful and supportive work atmosphere that bolsters employee performance.

Without an inclusive EEO policy, Walgreens may be sacrificing competitive advantages relative to peers while simultaneously increasing company and shareholder exposure to reputational and financial risks.

We recommend that the report evaluate risks including, but not limited to, negative effects on employee hiring and retention, as well as litigation risks from conflicting state and company anti-discrimination policies.

---

[4] https://www.kcra.com/article/gov-newsom-california-will-no-longer-do-business-with-walgreens-abortion-pill-stance/43222911#
[5] https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#:~:text=Title%20VII%20requires%20employers%20to,undue%20hardship%20on%20the%20employer.

# Ex. B

## **DECLARATION OF NATHANIEL FISCHER**

1. My name is Nathaniel Fischer. I am over the age of 18 and am competent to submit this declaration. The facts set forth in this declaration are based on my personal knowledge and are submitted solely in my own capacity. I reside in Dallas, Texas.

2. I own The Kroger Company stock and participated in the SEC no-action proceedings initiated by Kroger in response to the viewpoint-discrimination proposal submitted by the National Center for Public Policy Research (NCPPR) for inclusion in Kroger's 2023 proxy statement.

3. On May 5, 2023, I submitted to Redfin Corporation, for inclusion in its 2024 proxy materials, the viewpoint-discrimination proposal that NCPPR submitted for Kroger's 2023 proxy materials. A true and accurate copy of the May 5 submission is on this Court's docket at ECF No. 44-3 at pages 2–4.

4. I intend to continue submitting the viewpoint-discrimination proposal in the future to Redfin and to additional companies for which I am or will become eligible to submit shareholder proposals.

5. I also intend to participate in the SEC no-action proceedings when companies seek no-action relief against NCPPR's pending and future submissions of the viewpoint-discrimination proposal at companies in which I own shares, including Blackrock and Microsoft.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July  13 , 2023                    _____

# Ex. C

## DECLARATION OF PHILLIP ARONOFF

1. My name is Phillip Aronoff. I am over the age of 18 and am competent to submit this declaration. The facts set forth in this declaration are based on my personal knowledge and are submitted solely in my own capacity. I reside in Houston, Texas.

2. I own The Kroger Company stock and participated in the no-action proceedings initiated by Kroger in response to the viewpoint-discrimination proposal submitted by National Center for Public Policy Research (NCPPR) for inclusion in Kroger's 2023 proxy statement.

3. I likewise intend to participate in the no-action proceedings when companies seek no-action relief against NCPPR's pending and future submissions of the viewpoint-discrimination proposal at companies in which I own shares, including Blackrock and Microsoft.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve all parties automatically.

July 14, 2023                                         /s/ R. Trent McCotter