No. 23-60230
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH;
NATHANIEL FISCHER; PHILLIP ARONOFF,

Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.
_____

Petition for Review from an Order of the Securities and Exchange
Commission
_____

## RECORD EXCERPTS
_____

GENE P. HAMILTON
REED D. RUBINSTEIN
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

R. TRENT MCCOTTER
  *Counsel of Record*
JONATHAN BERRY
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY & ASSOCIATES
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

*Counsel for Petitioners*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

### *National Center for Public Policy Research et al. v. SEC*

No. 23-60230

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. National Center for Public Policy Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Nathaniel Fischer

3. Phillip Aronoff

4. The Securities and Exchange Commission

5. Boyden Gray & Associates PLLC

6. R. Trent McCotter

7. Jonathan Berry

8. Michael Buschbacher

9. Jared M. Kelson

10. The Kroger Co. It is publicly traded under the ticker KR, and, according to public information, The Vanguard Group, Inc., owns 10% or more of its stock.

11. BlackRock Inc. It is publicly traded under the ticker BLK, and, according to public information, no publicly held corporation owns 10% or more of its stock.

12. American Express Co. It is publicly traded under the ticker AXP, and, according to public information, Berkshire Hathaway, Inc., owns 10% or more of its stock.

13. Apple Inc. It is publicly traded under the ticker AAPL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

14. Alphabet Inc. It is publicly traded under the ticker GOOGL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

15. Walgreens Boots Alliance Inc. It is publicly traded under the ticker WBA, and, according to public information, no publicly held corporation owns 10% or more of its stock.

16. Gene P. Hamilton

17.    Reed D. Rubinstein

18.    America First Legal Foundation

19.    Theodore J. Weiman

20.    Tracey A. Hardin

21.    Megan Barbero

22.    Michael A. Conley

23.    National Association of Manufacturers

24.    Lehotsky Keller Cohn LLP

25.    Steven P. Lehotsky

26.    Adam Steene

27.    Erica Klenicki

28.    Scott A. Keller

29.    Matthew H. Frederick

30.    Todd Disher

31.    Alexis Swartz

Dated: July 14, 2023                    /s/ R. Trent McCotter
                                        R. Trent McCotter
                                        *Counsel of Record for Petitioners*

# <u>TABLE OF CONTENTS</u>

Decision of the Division of Corporation Finance (Apr. 12, 2023)..Ex. 1

# Ex. 1



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
CORPORATION FINANCE

April 12, 2023

Lyuba Goltser
Weil, Gotshal & Manges LLP

Re:     The Kroger Co. (the "Company")
        Incoming letter dated February 16, 2023

Dear Lyuba Goltser:

This letter is in response to your correspondence concerning the shareholder proposal (the "Proposal") submitted to the Company by the National Center for Public Policy Research for inclusion in the Company's proxy materials for its upcoming annual meeting of security holders.

The Proposal requests the Company issue a public report detailing the potential risks associated with omitting "viewpoint" and "ideology" from its written equal employment opportunity policy.

There appears to be some basis for your view that the Company may exclude the Proposal under Rule 14a-8(i)(7). In our view, the Proposal relates to, and does not transcend, ordinary business matters. Accordingly, we will not recommend enforcement action to the Commission if the Company omits the Proposal from its proxy materials in reliance on Rule 14a-8(i)(7).

Copies of all of the correspondence on which this response is based will be made available on our website at https://www.sec.gov/corpfin/2022-2023-shareholder-proposals-no-action.

Sincerely,

Rule 14a-8 Review Team

cc:     Sarah Rehberg
        National Center for Public Policy Research

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will serve all parties automatically.

July 14, 2023                    <u>/s/ R. Trent McCotter</u>