No. 23-60230

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH;
NATHANIEL FISCHER; PHILLIP ARONOFF

*Petitioners,*

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

Petition for Review from an Order
of the Securities and Exchange Commission

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF ALLIANCE DEFENDING FREEDOM AS AMICUS CURIAE IN SUPPORT OF PETITIONERS

JEREMY TEDESCO
MICHAEL ROSS
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jtedesco@adflegal.org
mross@adflegal.org

JAMES A. CAMPBELL
JOHN J. BURSCH
RYAN L. BANGERT
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(616) 450-4235
jcampbell@adflegal.org
jbursch@adflegal.org
rbangert@adflegal.org

*Counsel for Amicus Curiae*

Alliance Defending Freedom seeks leave under Federal Rule of Appellate Procedure 29(a) to file the accompanying Brief of Amicus Curiae, attached as Exhibit 1, in support of Petitioners and their viewpoint-discrimination claim. Counsel contacted counsel for each party to ask for consent to file the amicus brief. Respondent SEC does not consent but also said through its counsel that it would not oppose this motion. Petitioners and Intervenor have consented.

Rule 29 requires a proposed amicus only to state its interest in the case and explain "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The Fifth Circuit does not add to Rule 29. *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021).

The Fifth Circuit "enjoy[s] broad discretion to grant or deny leave to amici under Rule 29." *Id.* And "an amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). "An amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Lefebure*, 15 F.4th at 675 (quoting *Neonatology Assoc's, P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002)).

1

## IDENTITY AND INTEREST OF AMICUS CURIAE

Amicus Alliance Defending Freedom has more than sufficient interest here. It is the world's largest legal organization committed to protecting free speech and religious freedom. ADF promotes these fundamental freedoms at corporations through its Viewpoint Diversity Score Business Index,[1] the first comprehensive benchmark that measures corporations' respect for free speech and religious freedom. ADF also works with shareholders of publicly traded corporations to file shareholder proposals on these issues and to address the growing illiberalism and cancel-culture prevalent within corporate America.

Like Petitioners, ADF is concerned about the SEC's discrimination against shareholders based on viewpoint. Although the SEC has opened the floodgates for shareholder resolutions from progressive-minded proponents, it routinely closes the proxy statement door to religious proponents. This discrimination impairs ADF's ability to advocate for shareholder resolutions to promote responsible corporate governance that protects fundamental freedoms in the workplace, marketplace, and public square.

---

[1] The Index is available at https://www.viewpointdiversityscore.org/business-index.

**DESIRABILITY OF THE PROPOSED AMICUS CURIAE BRIEF**

ADF's proposed brief will assist this Court by showing that the SEC's actions against Petitioners are part of a broader pattern of blatant viewpoint discrimination against religious shareholders under the "significant social policy" exception in Rule 14a-8. In the last two years alone, the SEC has used this exception to greenlight left-leaning shareholder resolutions but not religious (or conservative) resolutions, on topics the Petitioners address, like equal employment, censoring misinformation, and firearms purchases. The brief also highlights examples regarding corporations' political giving and statements, codes of conduct, and criticizing ESG.

The SEC also engages in this viewpoint discrimination in other ways. It screens topics like politicized financial services and free speech impacts that are important to religious shareholders but is opening the door wide for every pet topic of pro-ESG shareholders. Selecting "disfavored subjects" in a way that targets speakers is just another form of viewpoint-based censorship. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 391 (1992). And the "significant social policy" exception is facially invalid because it is a prior restraint and does not have "narrow, objective, and definite" limitations to restrain the SEC officials' discretion. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 151 (1969). Compared to Petitioners' brief, ADF's proposed brief expands the facts and legal standards for these arguments.

## CONCLUSION

For the above reasons, movant respectfully requests that the Court grant its motion for leave to file the attached amicus curiae brief.

Respectfully submitted,

Dated: July 21, 2023

By:*/s/ John J. Bursch*

JEREMY TEDESCO
MICHAEL ROSS
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
jtedesco@adflegal.org
mross@adflegal.org

JAMES A. CAMPBELL
JOHN J. BURSCH
RYAN L. BANGERT
ALLIANCE DEFENDING FREEDOM
440 First Street NW
Suite 600
Washington, DC 20001
(616) 450-4235
jcampbell@adflegal.org
jbursch@adflegal.org
rbangert@adflegal.org

*Attorneys for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

Under Fed. R. App. P. 32(g), the undersigned certifies that this motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(2), 32(a)(5) and 32(a)(6). Exclusive of the sections exempted by Fed. R. App. P. 32(f), the motion contains 650 words, according to the word count feature of the software (Microsoft Word 365) used to prepare the motion. The motion has been prepared in proportionately spaced typeface using Century Schoolbook 14 point.

Dated: July 21, 2023

*/s/ John J. Bursch*
John J. Bursch
Attorney for Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ John J. Bursch*
John J. Bursch
Attorney for Amicus Curiae