No. 23-60230

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH;
NATHANIEL FISCHER; PHILLIP ARONOFF,
                                            Petitioners,
v.

SECURITIES AND EXCHANGE COMMISSION,
                                            Respondent.

Petition for Review from an Order of the Securities and Exchange Commission

**MOTION TO EXPEDITE CALENDARING OF ORAL ARGUMENT**

GENE P. HAMILTON
REED D. RUBINSTEIN
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave SE #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

R. TRENT MCCOTTER
  *Counsel of Record*
JONATHAN BERRY
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

*National Center for Public Policy Research et al. v. SEC*

No. 23-60230

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. National Center for Public Policy Research. It has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

2. Nathaniel Fischer

3. Phillip Aronoff

4. The Securities and Exchange Commission

5. Boyden Gray PLLC (formerly Boyden Gray & Associates PLLC)

6. R. Trent McCotter

7. Jonathan Berry

8. Michael Buschbacher

9. Jared M. Kelson

10. The Kroger Co. It is publicly traded under the ticker KR, and, according to public information, The Vanguard Group, Inc., owns 10% or more of its stock.

11. BlackRock Inc. It is publicly traded under the ticker BLK, and, according to public information, no publicly held corporation owns 10% or more of its stock.

12. American Express Co. It is publicly traded under the ticker AXP, and, according to public information, Berkshire Hathaway, Inc., owns 10% or more of its stock.

13. Apple Inc. It is publicly traded under the ticker AAPL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

14. Alphabet Inc. It is publicly traded under the ticker GOOGL, and, according to public information, no publicly held corporation owns 10% or more of its stock.

15. Walgreens Boots Alliance Inc. It is publicly traded under the ticker WBA, and, according to public information, no publicly held corporation owns 10% or more of its stock.

16. Gene P. Hamilton

17. Reed D. Rubinstein

18. America First Legal Foundation

19. Theodore J. Weiman

20. Tracey A. Hardin

21. Megan Barbero

22. Michael A. Conley

23. National Association of Manufacturers

24. Lehotsky Keller Cohn LLP

25. Steven P. Lehotsky

26. Adam Steene

27. Erica Klenicki

28. Scott A. Keller

29. Matthew H. Frederick

30. Todd Disher

31. Alexis Swartz

/s/ R. Trent McCotter
R. Trent McCotter
*Counsel of Record for Petitioners*

Merits briefing in this case will be completed by October 4, 2023. Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rules 27.5 and 34.5, Petitioners respectfully request that the Court modestly expedite the calendaring of this case for oral argument by setting it for a hearing during the Court's scheduled December 4–7, 2023, sitting. This would allow the Court to hear the case and likely issue a decision in advance of the upcoming shareholder proxy season, which will largely occur in relevant part during the first two months of 2024. The National Association of Manufacturers, which has intervened in support of Respondent, agrees with and consents to this relief.

## BACKGROUND

This case challenges the Security and Exchange Commission's "no-action" process, where corporations seek SEC approval to exclude shareholder proposals from the companies' annual proxy materials, thereby preventing those proposals from receiving shareholder votes. Petitioners have previously submitted and continue to submit an identical proposal calling on companies in which they own stock to "issue a public report detailing the potential risks associated with omitting 'viewpoint' and 'ideology' from its written equal employment opportunity

1

(EEO) policy." The SEC has uniformly blessed companies' requests to exclude that proposal, concluding that it does not pertain to a "significant matter of discrimination" worthy of a vote by all shareholders, even though the SEC has previously concluded that an otherwise-identical proposal that pertains to gender identity and sexual orientation *does* raise a significant matter of discrimination warranting a shareholder vote.

As detailed in Petitioners' opening brief, the SEC's differential treatment is unlawful and violates the Constitution's prohibition on viewpoint discrimination by the government. Intervenor NAM contends that the SEC's shareholder proposal requirement and no-action process itself lack a statutory basis and violate the First Amendment by compelling companies to include speech with which they disagree. Respondent SEC disputes those positions.

## STANDARD

This Court may "advance any case for hearing" "for good cause on motion of either party." 5th Cir. R. 34.5; *see* 5th Cir. R. 47.7; 28 U.S.C. § 1657(a) (requiring courts to "expedite the consideration of any action … if good cause therefor is shown").

# ARGUMENT

For several reasons, good cause exists for modestly expediting oral argument in this case by setting it for a hearing during the Court's December 2023 sitting.

*First*, as noted above, this case raises issues critically important to the proper functioning of the upcoming shareholder proxy season. Petitioners, Intervenor, shareholder proponents, publicly listed companies, and the SEC itself all need to know whether the no-action process is lawful and, if so, how that process applies to proposals like Petitioners'.[1]

But the next proxy season is quickly approaching. Companies typically hold their annual shareholder meetings in the late Spring or early Summer,[2] but the no-action process at issue in this suit commences

---

[1] Petitioners' viewpoint-discrimination proposal is pending at several companies right now, *see* Petitioners' Op. Br. 16–18, and it is almost a certainty that during this upcoming proxy season, most if not all of those companies will seek no-action relief from the SEC, which will (absent judicial intervention) just as likely grant that relief, as it has consistently done in previous years' proxy seasons.

[2] *See, e.g.*, *Prepping for Proxy Season: A Primer on Proxy Statements and Shareholders' Meetings*, FINRA (Feb. 6, 2023), https://www.finra.org/investors/insights/proxy-season-primer-proxy-statements-and-shareholder-meetings.

much earlier, at least 120 days before companies issue proxy statements that allow shareholders to begin voting at the upcoming annual meetings. *See* 17 C.F.R. § 240.14a-8(e)(2).

If the company wishes to exclude a shareholder-submitted proposal, the company must file with the SEC to explain its basis for doing so at least "80 calendar days before [the company] files its definitive proxy statement," which itself will occur well in advance of the annual meeting. *Id.* § 240.14a-8(j). The company and shareholder proponent then often engage in full-blown briefing before the SEC, which will subsequently issue a no-action decision before the company files its proxy statement with the SEC.

The timeline of one of the proposals at issue in this case is typical for the annual process. Petitioner NCPPR submitted its viewpoint-discrimination proposal to Kroger on December 21, 2022, and Kroger sought no-action relief from the SEC on February 16, 2023. Briefing continued at the SEC into March 2023, and the SEC issued no-action relief on April 12, 2023. That same timeline will play out for many proposals during the 2024 proxy season, although some of Petitioners' viewpoint-discrimination proposals will likely be subjected to the no-

action process even earlier because those companies have earlier deadlines to submit proposals.[3]

It would be extraordinarily beneficial to the parties, publicly traded companies, shareholder proponents, and the public at-large to obtain a judicial decision about the no-action process *before* companies start seeking no-action relief from the SEC, which—as noted above—will typically have occurred by the end of February 2024.

*Second*, Petitioners and NAM both allege First Amendment violations in this case. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). In Petitioners' view, the SEC discriminates on the basis of viewpoint against certain conservative proposals, like those put forward by Petitioners, by granting no-action relief against them. And, in NAM's view, when the

---

[3] For example, Petitioner NCPPR submitted its viewpoint-discrimination proposal to Walgreens Boots Alliance, which had a deadline for submission of August 10, 2023, meaning the no-action process for that proposal could be *completed* as early as December 2023 under the standard timeline discussed above. *See* Walgreens Boots Alliance, Inc., *Definitive Proxy Statement (Schedule 14A)*, Dec. 8, 2022, at 114, https://tinyurl.com/y4dy7fba.

SEC denies no-action relief, it forces companies to carry others' messages with which those companies disagree.

Accordingly, Petitioners and NAM are not just up against the clock of the upcoming proxy season but also imminently face the loss of critical free speech rights once that season begins. This Court recently granted expedited argument in another SEC case likewise raising time-sensitive First Amendment concerns, and the Court should do so here, as well. *See* Order, *Chamber of Commerce v. SEC*, No. 23-60255 (5th Cir. Aug. 25, 2023).

*Third*, merits briefing in this case should conclude by October 4, 2023. That would provide a reasonable two months between completion of briefing and the Court's December 2023 sitting. And that timeline would also provide the Court with a sufficient period in which to prepare a decision before the SEC's no-action process begins in earnest in January and February 2024.

## CONCLUSION

The Court should calendar this case for oral argument during the Court's December 2023 sitting.

September 15, 2023

Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER
  *Counsel of Record*
JONATHAN BERRY
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

GENE P. HAMILTON
REED D. RUBINSTEIN
AMERICA FIRST LEGAL FOUNDATION
300 Independence Avenue S.E.
Washington, D.C. 20003
(202) 964-3721
gene.hamilton@aflegal.org

  *Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,096 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

/s/ R. Trent McCotter

## CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH RULE 27.4

Pursuant to Fifth Circuit Rule 27.4, Petitioners state that they contacted counsel for Intervenor the National Association of Manufacturers, which agrees with and consents to this relief. The Securities and Exchange Commission opposes this relief and intends to file an opposition.

/s/ R. Trent McCotter

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF.

/s/ R. Trent McCotter