No. 23-60230

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH; NATHANIEL FISCHER;
PHILLIP ARONOFF,
*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,
*Respondent*.

OPPOSITION OF THE SECURITIES AND EXCHANGE COMMISSION,
RESPONDENT, TO PETITIONERS' (SECOND) MOTION FOR
EXPEDITED RELIEF

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
Assistant General Counsel

THEODORE J. WEIMAN
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5167 (Weiman)

## CERTIFICATE OF INTERESTED PERSONS

*National Center for Public Policy Research v. SEC*, No. 23-60230

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    America First Legal Foundation

2.    Phillip Aronoff, Petitioner

3.    Megan Barbero, General Counsel, Securities and Exchange Commission

4.    Jonathan Berry, Counsel for Petitioners

5.    Boyden Gray & Associates PLLC, Counsel for Petitioners

6.    Michael Buschbacher, Counsel for Petitioners

7.    Michael A. Conley, Solicitor, Securities and Exchange Commission

8.    Todd Disher, Counsel for Intervenor

9.    Nathaniel Fischer, Petitioner

10.    Matthew H. Frederick, Counsel for Intervenor

11.    Gene P. Hamilton

12. Tracey A. Hardin, Assistant General Counsel, Securities and Exchange Commission

13. Scott A. Keller, Counsel for Intervenor

14. Jared M. Kelson, Counsel for Petitioners

15. The Kroger Co.

16. Steven P. Lehotsky, Counsel for Intervenor

17. Lehotsky Keller Cohn LLP, Counsel for Intervenor

18. R. Trent McCotter, Counsel for Petitioners

19. National Association of Manufacturers, Intervenor

20. National Center for Public Policy Research, Petitioner

21. Reed D. Rubinstein

22. Securities and Exchange Commission, Respondent

23. Alexis Swartz, Counsel for Intervenor

24. Michael A. Tilghman II, Counsel for Intervenor

25. Theodore J. Weiman, Senior Appellate Counsel, Securities and Exchange Commission

/s/ Theodore J. Weiman

*Attorney of Record for Respondent*
*Securities and Exchange Commission*

**OPPOSITION OF THE SECURITIES AND EXCHANGE COMMISSION, RESPONDENT, TO PETITIONERS' (SECOND) MOTION FOR EXPEDITED RELIEF**

The Securities and Exchange Commission ("Commission"), respondent, respectfully requests that the Court deny petitioners' second motion for expedited relief in this matter for failure to show the requisite good cause.

Petitioners already moved for "expedited consideration and oral argument" in this matter on April 28, 2023, on the basis that a decision was necessary before Kroger potentially "issue[d] its proxy materials as soon as May 7," 2023. Stay Mtn. at 1, 28-29. This Court denied that motion to expedite on May 10, 2023. Unpublished Order, Doc. 29-2 (5/10/23). Less cause for expedited proceedings exists based on the 2024 proxy season, which the challenged staff letter does not concern, particularly now that (1) Kroger included the shareholder proposal at issue, averting all of the purported injuries petitioners alleged and further diminishing the already speculative potential for recurrence (*See* SEC Response Br. at 18-23), and (2) National Association of Manufacturers ("NAM") has intervened and raised separate statutory and constitutional challenges which, if considered by the Court (*but see id.* at 52-56), would add additional complexities to be

addressed at argument.  Moreover, petitioners' assertion that such action is

necessary contradicts their claim that the continuing administrative stay

provides effective relief from any purported ongoing consequences from

the letter staff sent to Kroger in 2023.  NCPPR Opening Br. at 15.  None of

these factors were present in *Chamber of Commerce v. SEC*, No. 23-60255 (5th

Cir.)—where petitioners also allege that compliance costs from the

challenged rule will begin on October 1, 2023—and the Commission did

not oppose expedited argument there.

These considerations are unaltered by petitioners' and NAM's First

Amendment claims (Mtn. 6), which are not properly before the Court (SEC

Response Br. at 48-56) and allege injuries that are not being impacted by

the staff letter under review.  To the extent any such purported injury

arises next year from potential actions by staff in connection with a

different company, such an injury can be appropriately addressed in

litigation regarding such an occurrence.

Finally, petitioners request a specific sitting of this Court, seeking

argument when the Court convenes from December 4 to 7, 2023.  Should

the Court decide that oral argument is warranted, the Commission has no

particular objection to that sitting, which would not require granting

expedited relief.  But petitioners have not shown good cause for this Court

to depart from (or add any considerations to) its standard screening

process and calendaring priorities, which already provide timely review in

non-emergency matters.

<div style="margin-left: 50%;">

Respectfully submitted,

MEGAN BARBERO
General Counsel

MICHAEL A. CONLEY
Solicitor

TRACEY A. HARDIN
Assistant General Counsel

/s/ Theodore J. Weiman
THEODORE J. WEIMAN
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5167 (Weiman)

</div>

September 15, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 425 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B)

I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it has been prepared in a proportionally spaced typeface—Book Antiqua, 14 point—using Microsoft Word.

/s/ Theodore J. Weiman
Theodore J. Weiman

September 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed with the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on September 15, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Theodore J. Weiman
Theodore J. Weiman

September 15, 2023