No. 23-60230

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH; NATHANIEL FISCHER; PHILLIP ARONOFF,

*Petitioners,*

*v.*

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

-------------------

Petition for Review from an Order
of the Securities and Exchange Commission

-------------------

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AS YOU SOW* AS AMICUS CURIAE IN SUPPORT OF RESPONDENT**

DANIELLE FUGERE
LUKE MORGAN
*AS YOU SOW*
P.O. Box 751
Main Post Office
Berkeley, CA 94701
(510) 735-8158
dfugere@asyousow.org
lmorgan@asyousow.org

*Counsel for Proposed Amicus Curiae*

*As You Sow* seeks leave under Federal Rule of Appellate Procedure 29(a) to file the accompanying Brief of Amicus Curiae, attached as Exhibit 1, in support of Respondent. Counsel for *As You Sow* contacted counsel for each party to ask for consent to file the amicus brief. Petitioners and Respondent have consented. Intervenor the National Association of Manufacturers stated through counsel only that it did not oppose. In the absence of Intervenor's express consent, *As You Sow* moves for leave to file its proposed amicus brief.

Under Rule 29, a proposed amicus must state its "interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). While the decision to accept an amicus brief is within a court's "broad discretion," generally, "courts should welcome amicus briefs." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673, 675 (5th Cir. 2021). This is especially true where the amicus's interests are "not represented competently or . . . not represented at all" or where "the amicus has unique information or perspective that can help the court." *Halo Wireless, Inc. v. Alenco Comms. Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). In such

circumstances, courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure*, 15 F.4th at 676 (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)).

I. **Identity and Interest of *As You Sow***

*As You Sow* has significant interest in the outcome of this appeal. *As You Sow* is the nation's leading nonprofit shareholder advocacy organization. It represents shareholders in engagements with companies across a variety of issue areas—such as climate change, antibiotics in meat, workplace equality, plastic pollution, and more—with the goal of reducing risk, benefitting brand reputation, and increasing company value.

A significant part of *As You Sow*'s work involves, when necessary, filing proposals with publicly traded companies on behalf of shareholders under SEC Rule 14a-8. The National Association of Manufacturers ("NAM") has intervened in this lawsuit to argue that Rule 14a-8 is statutorily invalid and unconstitutional. *See* Brief of Nat'l Ass'n of Manufacturers, Dkt. No. 66. NAM's brief specifically calls out

*As You Sow*'s work related to shareholder proposals. *See id.* at 13, 14, 33. If NAM's arguments were to prevail, *As You Sow*'s interests and those of the shareholders it represents would be materially and adversely impacted. *As You Sow* thus has significant interest in this litigation.

## II. Desirability of the Proposed Amicus Brief

If the Court reaches the substance of NAM's claims, *As You Sow*'s brief will assist this Court by providing information not yet provided by the parties, from a perspective not represented by the parties. *See Halo Wireless*, 684 F.3d at 596. *As You Sow*'s brief is timely. *See* Fed. R. App. P. 29(a)(6).

*As You Sow*'s proposed brief initially provides the Court with a deep legislative history of the Securities Exchange Act of 1934 and a history of Congress's consideration of the shareholder proposal rule, informed by relevant scholarship. No party has provided this information, despite its central relevance to the merits of NAM's statutory arguments.

Next, *As You Sow*'s proposed brief provides the Court with an alternative perspective on the current operation of the shareholder proposal process, correcting the record about several factual matters and arguing in favor of the merits of the process and the value of shareholder proposals. Here, *As You Sow*'s long history as an advocate for shareholder proponents provides a "unique ... perspective" compared to Respondent's brief. *See Halo Wireless*, 684 F.3d at 596. In short, *As You Sow*'s proposed brief provides critical facts and law about Intervenor's arguments not raised by Respondent or, indeed, any party.

## Conclusion

For the foregoing reasons, *As You Sow* respectfully requests that the Court grant its motion for leave to file the proposed amicus curiae brief.

                                                      Respectfully submitted,

Dated: September 20, 2023            By: /s/ Luke Morgan

DANIELLE FUGERE
LUKE MORGAN
*AS YOU SOW*
P.O. Box 751
Main Post Office
Berkeley, CA 94701
(510) 735-8158
dfugere@asyousow.org
lmorgan@asyousow.org

*Counsel for Proposed Amicus Curiae*

### CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) and Fifth Circuit Rule 27.4 because, excluding the exempted parts of the document, it contains 683 words, according to the word count feature of Microsoft Word 365. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated: September 20, 2023

/s/ Luke Morgan
Luke Morgan
Counsel for Proposed Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

Dated: September 20, 2023

/s/ Luke Morgan
Luke Morgan
Counsel for Proposed Amicus Curiae