No. 23-60230

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH; NATHANIEL FISCHER; PHILLIP ARONOFF,
*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,
*Respondent.*

On Appeal from the United States District Court
for the Central District of California

Case No. 2:21-cv-02536-PSG-PLA

**CLIENTEARTH AND THE SHAREHOLDER COMMONS' UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

RUSHING MCCARL LLP

Ryan McCarl, Cal. State Bar No. 302206
John Rushing, Cal. State Bar No. 331273
Davit Avagyan, Cal. State Bar No. 336350

Rushing McCarl LLP | 2219 Main St. No. 144 | Santa Monica, CA 90405
T: (310) 896-5082 | E: info@rushingmccarl.com

*Counsel for Amici ClientEarth and The Shareholder Commons*

**CLIENTEARTH AND THE SHAREHOLDER COMMONS' UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Under Federal Rule of Appellate Procedure 29(b) and Fifth Circuit Rule 29.1, ClientEarth and The Shareholder Commons move for leave to file a 5,789-word amicus brief in support of Respondent Securities Exchange Commission (SEC).

Proposed amici have contacted counsel for Petitioner National Center for Public Policy Research, Respondent Securities Exchange Commission, and Intervenor National Association of Manufacturers. Counsel for each party responded that they do not oppose the filing of the amicus brief.

## I. Identity and Interests of Amici Curiae

Movants ClientEarth and The Shareholder Commons are prospective amici curiae with unique expertise and strong interests in the outcome of this case.

ClientEarth is a non-profit organization with a mission to use the power of law to bring about systemic change that protects the Earth for — and with — its inhabitants. ClientEarth is an international organization with over 250 staff, and it has a particular focus on the interplay of corporate law, finance, and environmental risk. ClientEarth is organized as separate legal entities in different countries, and the proposed amicus brief here is on behalf of ClientEarth U.S.

The Shareholder Commons is a non-profit organization that addresses social and environmental issues from the perspective of shareholders who diversify their investments to optimize risk and return. The Shareholder Commons ("TSC") seeks to shift the investment paradigm away from a narrow and harmful focus on individual company value toward a systems-first approach to investing that better serves investors. Its work includes support for an investor-protection regime that recognizes the fundamental interest of investors in preserving the social and environmental systems in which their investments are embedded. It frequently works with shareholders making proposals seeking to protect those systems.

Amici are nonprofit organizations with an interest in protecting the right of shareholders to encourage the companies in which they invest to guard against systemic risks. Amici have significant experience working at the intersection of securities law, corporate governance, and climate change, and both have strong interests in supporting shareholders' ability to protect their portfolios from potentially catastrophic systemic risks. Both engage in policy advocacy and work with shareholders who use their governance rights to reduce systemic risks (including climate risks). If NAM's views were accepted, much of this work would be jeopardized. Amici thus have a strong interest in the issues that bear on their core missions and expertise, and their perspective can help the Court understand the importance of these issues to shareholders.

## II.  The Proposed Amicus Brief

Consistent with this Court's rules governing amicus briefs, the proposed brief avoids repeating the principal briefs' facts and legal arguments. See 5th Cir. R. 29.2. Instead, the proposed amicus brief focuses on the dangerous precedent that would be set if Intervenor NAM's arguments were accepted.

Specifically, the proposed brief explains that core assumptions underlying NAM's argument are incorrect. First, the brief explains how climate considerations cannot be cast aside as financially irrelevant 'ESG' criteria or ideologically-driven activism. Rather, climate risks are material to investors for pecuniary, non-ideological reasons, and precedent stating otherwise would be counter to free market principles and undermine investors' ability to mitigate financial risks. Second, the brief debunks NAM's assumption that the interests of management and the interests of shareholders are always aligned and explains how this divergence of interests necessitates the investor protections NAM attacks in its brief. In so doing, the proposed brief examines why the rule at issue here is particularly important for investors' ability to mitigate systemic risks, including those posed by climate change.

Dated: September 20, 2023

Respectfully submitted,

                                   **Rushing McCarl LLP**
                                   Ryan McCarl (Cal. SBN 302206)
                                   John Rushing (Cal. SBN 331273)
                                   Davit Avagyan (Cal. SBN 336350)

                                   By: Ryan McCarl

                                   *Counsel for Amici Curiae ClientEarth and*
                                   *The Shareholder Commons*

*ClientEarth and The Shareholder Commons' Unopposed Motion for Leave to File Amicus Curiae Brief*

## CERTIFICATE OF SERVICE

On September 20, 2023, this brief was served via ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel certifies that any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13. No paper copies were filed in accordance with the COVID-19 changes ordered in General Docket No. 2020-3.

Dated: September 20, 2023

Respectfully submitted,

**Rushing McCarl LLP**
Ryan McCarl (Cal. SBN 302206)
John Rushing (Cal. SBN 331273)
Davit Avagyan (Cal. SBN 336350)

By: Ryan McCarl
*Counsel for Amici Curiae ClientEarth and The Shareholder Commons*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7) and Fifth Circuit Rule 29.3, I certify that this motion is proportionally spaced and uses a 14-point typeface. The motion contains three pages and 918 words, including footnotes but excluding the certifications, attorney signatures, and caption page. This document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Palatino Linotype.

Dated: September 20, 2023

Respectfully submitted,

                                      **Rushing McCarl LLP**
                                      Ryan McCarl (Cal. SBN 302206)
                                      John Rushing (Cal. SBN 331273)
                                      Davit Avagyan (Cal. SBN 336350)

By: Ryan McCarl
*Counsel for Amici Curiae ClientEarth and The Shareholder Commons*