No. 23-60230

# In the United States Court of Appeals for the Fifth Circuit

NATIONAL CENTER FOR PUBLIC POLICY RESEARCH;
NATHANIEL FISCHER; PHILLIP ARONOFF,

*Petitioners*,

*v.*

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

Petition for Review from an Order
of the Securities and Exchange Commission

**MOTION FOR LEAVE TO FILE OUT-OF-TIME
BRIEF OF PROPOSED AMICUS CURIAE PROFESSOR
SEAN J. GRIFFITH IN SUPPORT OF INTERVENOR**

Heather Gebelin Hacker
HACKER STEPHENS LLP
108 Wild Basin Road South
Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Proposed Amicus Curiae
Professor Sean J. Griffith*

# Certificate of Interested Persons

No. 23-60230

National Center for Public Policy Research; Nathaniel Fischer; Phillip Aronoff,

*Petitioners*,

*v.*

Securities and Exchange Commission,

*Respondent.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Petitioners** | **Counsel** |
| --- | --- |
| - National Center for Public Policy Research<br>- Nathaniel Fischer<br>- Phillip Aronoff | Boyden Gray & Associates<br>- R. Trent Cotter<br>- Jonathan Berry<br>- Michael Buschbacher<br>- Jared M. Kelson<br>America First Legal Foundation<br>- Gene P. Hamilton |
| **Respondent** | **Counsel** |
| - Securities and Exchange Commission | Securities and Exchange Commission<br>- Theodore J. Weiman<br>- Megan Barbero<br>- Michael A. Conley<br>- Tracey A. Hardin |

i

| **Intervenor** | **Counsel** |
|---|---|
| - National Association of Manufacturers | Lehotsky Keller Cohn LLP<br>- Scott A. Keller<br>- Steven P. Lehotsky<br>- Matthew H. Frederick<br>- Todd Disher<br>- Alexis Swartz<br><br>NAM Legal Center<br>- Michael A. Tilghman II |
| **Interested Third Party** | |
| - The Kroger Co. | |
| **Proposed *Amicus Curiae*** | **Counsel** |
| - Professor Sean J. Griffith | Hacker Stephens LLP<br>- Heather Gebelin Hacker |

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
*Counsel for Proposed Amicus Curiae*
*Professor Sean J. Griffith*

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Fifth Circuit Rule 29, proposed *amicus curiae* Professor Sean J. Griffith hereby moves for leave to file the attached brief in support of Intervenor and makes the showing required by Federal Rule of Appellate Procedure 29(a)(3)(A) and (B) below. Counsel for proposed *amicus curiae* conferred with counsel for Petitioners, Respondent, and Intervenor regarding this Motion. Petitioners and Intervenor do not oppose the relief requested in this Motion. Respondent opposes the Motion as untimely but will not file an opposition.

## I. The Court Should Grant Leave for Late Filing.

While proposed *amicus* recognizes that the brief would have been timely if filed within seven days of filing of the Intervenor's Brief, *see* Fed. R. App. P. 29(a)(6), the *amici* brief that this brief responds to was not filed until September 20, 2023. *See* Br. of First Amendment and Securities Law Scholars as Amici Curiae in Support of Respondent, Doc. 89-1 (filed Sept. 20, 2023) ("Scholars Br."). This proposed brief is being filed as quickly as possible thereafter, and will be filed before briefing is closed, as Petitioners and Intervenor have not yet filed their reply briefs. Rule 29(a)(6) provides that the Court "may grant leave for later filing, specifying the time within which an opposing party may answer." The Court should grant leave for late filing here because the brief provides information not provided by the parties and will therefore be helpful to the Court, as explained below.

## II. Interest of Proposed *Amicus Curiae*

Proposed *amicus curiae* Sean J. Griffith is the T.J. Mahoney Chair in Business Law at Fordham Law School. Professor Griffith is an expert in corporate and securities law. He has taught at Columbia Law School, the University of Connecticut School of Law, New York University School of Law, and the University of Pennsylvania Law School. Professor Griffith received his law degree *magna cum laude* from the Harvard Law School, where he was a John M. Olin Fellow in Law and Economics. Professor Griffith has published dozens of books, chapters, and journal articles on corporate and securities law. These include a recently published article addressing the First Amendment issues arising from Securities and Exchange Commission (SEC) rules requiring companies to disclose environmental, social, and governance (ESG) matters as well as a draft article specifically addressing compelled speech in the context of the SEC's Shareholder Proposal Rule (Rule 14a-8). Professor Griffith thus has specific expertise in the issues raised by the parties in this case, particularly with regard to the issues raised by the *amici curiae* brief filed by a group of 12 law professors in support of the SEC.

## III. The Proposed Amici Curiae Brief Is Desirable and the Matters Asserted Are Relevant to the Disposition of the Case.

**A.** This case involves important issues, and several proposed *amici curiae* have sought leave to file briefs, including 12 law professors. *See* Doc. 65, 89, 93. The participation of proposed *amicus curiae* in support of Intervenor will therefore be useful to the Court because the brief will add further information and discussion relevant to the issues. In particular, the brief directly responds to the Scholars Brief. The brief

2

will also provide information not otherwise provided by any party—the history of Rule 14a-8—which will be helpful to the Court as it examines the issues in this case. And if the Court finds it useful to consider the arguments from the academics in the Scholars Brief, it will also be useful to consider the arguments from Professor Griffith so that the Court will have both sides of the argument.

**B.** The proposed *amicus* brief first provides the Court with the historical context of Rule 14a-8, which is also relevant to Intervenor's argument that the modern Rule 14a-8 exceeds the SEC's statutory authority under the Securities and Exchange Act. That history demonstrates that after many years of a narrow, focused rule simply designed to inform shareholders of planned action at the corporation's annual meeting, the SEC did an about-face and broadly expanded the Rule in the 1970s, allowing shareholder proposals to become a means for the furtherance of social and political agendas with corporations as unwilling participants. Under the modern Rule 14a-8, the SEC grants itself virtually unfettered discretion in requiring purely social policy proposals from shareholders to be included in proxy materials.

This context also helps to demonstrate how the arguments made in the Scholars Brief are incorrect. The Rule's evolution shows that the professors' claim that the First Amendment does not apply to securities regulation cannot be true. It is disingenuous to rely, as the professors do, on a few lines of dicta from the 1970s and the early 1980s to support this claim when both the Rule and the relevant doctrinal paradigm was still evolving then and for decades thereafter. Current doctrine clearly shows that First Amendment principles are fully applicable to securities regulation. And Rule 14a-8 is also not, as the professors claim, an anti-fraud rule exempt from

constitutional scrutiny. Finally, while precedent illustrates that Rule14a-8 compels speech and is thus a content-based regulation of speech, whether the Court applies strict scrutiny or intermediate scrutiny to the Rule, Rule 14a-8 violates the First Amendment.

## Conclusion

For the foregoing reasons, the Court should grant the motion for leave and direct the Clerk to file the attached brief of proposed *amicus curiae* Professor Sean J. Griffith.

Respectfully submitted.

/s/Heather Gebelin Hacker
Heather Gebelin Hacker
Hacker Stephens LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Proposed Amicus Curiae Professor Sean J. Griffith*

## Certificate of Conference

On October 2 and 3, 2023, the undersigned conferred by e-mail with counsel for Petitioners, Respondent, and Intervenor regarding this Motion. Petitioners and Intervenor do not oppose the relief sought in this Motion. Respondent opposes the Motion as untimely but does not intend to file an opposition.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

## Certificate of Service

On October 5, 2023, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 897 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker