**BOYDEN GRAY PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

February 26, 2024

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  Rule 28(j) Letter in *National Center for Public Policy Research et al. v. Securities and Exchange Commission*, No. 23-60230

Mr. Cayce:

Petitioners submit evidence of recent events confirming this case is not moot. On February 23, 2024, in advance of its 2024 shareholder meeting, Kroger—the very same company whose 2023 request for no-action relief precipitated this suit—sought no-action relief *again* from the SEC, asking for a greenlight to exclude in 2024 the *exact same* viewpoint-diversity proposal for which the SEC granted no-action relief last year. *See* Ex.A.2 (attached).

And Kroger expressly "invoke[s] the same ground for exclusion," SEC.Br.24, that it did last year and which is at the heart of this case, i.e., whether the viewpoint-diversity proposal relates only to "ordinary business operations" and is therefore excludable under Rule 14a-8(i)(7), or instead implicates a significant social policy concern and must be included. *Compare* Ex.A.7–10, *with* JA6–11.

This shows the dispute is not just *capable* of repetition but is *actually* repeating, just like Petitioners predicted. As the Supreme Court held in the context of a suit against the SEC for granting no-action relief: "If [the same company] were likely to repeat its allegedly illegal conduct, the case would not be moot." *SEC v. Med. Comm'n for Human Rts.*, 404 U.S. 403, 406 (1972).

This case presented a live controversy even without these recent

Page 2

events, but they certainly confirm this action is not moot. *See* Pet.Op.Br.57–61; Pet.Reply.Br.38–39. *But see* SEC.Br.24 (the SEC erroneously insisting that not "a single company … is reasonably likely" to seek no-action relief against Petitioners' viewpoint-diversity proposal in the future, nor would "such a company … necessarily invoke the same ground for exclusion" at issue here).

Kroger's new request also demonstrates how recipients rely on the SEC's no-action relief. Kroger repeatedly justifies its request by invoking the SEC's "previous concurrence with Kroger's view that the Company may omit the 2023 Proposal pursuant to Rule 14a-8(i)(7)." Ex.A.5; *see id.* at 9–10. Parties and even the SEC itself rely on these regulatory instruments, which provide a greenlight to take regulated action. *See* Pet.Reply.Br.15–20 (citing *Clarke v. CFTC*, 74 F.4th 627 (5th Cir. 2023); 17 C.F.R. § 240.14a-8(j)(2)(ii) ("prior Division letters" are relevant precedent)).

Respectfully,

/s/ R. Trent McCotter
Boyden Gray PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel of Record for Petitioners*

cc:  All Counsel