

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE**<br>**GENERAL COUNSEL** | Theodore J. Weiman<br>202-551-5167<br>weimant@sec.gov |

February 27, 2024

<u>Via CM/ ECF</u>

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  Rule 28(j) Response in *NCPPR v. SEC*, No. 23-60230

Dear Mr. Cayce:

Petitioners mistakenly contend that their petition is not moot because, in a February 23, 2024 letter, Kroger requested a no-action letter from SEC staff regarding NCPPR's 2024 resubmission of the same proposal at issue here.  Kroger's letter instead confirms that the petition is moot.

Kroger's primary basis for exclusion—which petitioners, tellingly, do not mention—is Rule 14a-8(i)(12), under which a resubmitted proposal is excludable if it concerns "substantially the same subject matter" as a proposal that received less than 5% of the shareholder vote in the previous three years.  17 C.F.R. 240.14a-8(i)(12).  Both Kroger and NCPPR agree that the 2024 proposal is the same as the 2023 proposal that received 1.88% of the shareholder vote.  Kroger Letter at 2; NCPPR 28(j) at 1.[1]

As discussed in the Commission's brief (SEC Br.22), the Supreme Court has held that a mooted controversy concerning subsection (i)(7)—the provision at issue in this petition—cannot be "reasonably … expected to recur" in these circumstances.  *SEC v. Med. Comm.*, 404 U.S. 403, 406 (1972).

---

[1] Staff on the Rule 14a-8 Review Team has not expressed views on Kroger's letter, nor does this letter do so.

Even apart from (i)(12), Kroger's view that (i)(7) provides an alternative exclusion ground is insufficient to establish a reasonable expectation of recurrence. As past no-action letters are non-binding, staff sometimes changes its views. And the Commission retains authority to express its own informal views. SEC Br.24-25. Moreover, Kroger might not act in accord with any informal views expressed in a no-action letter, which is purely advisory, non-binding, and without legal consequence. These same factors independently demonstrate why the petition should also be dismissed for lack of subject-matter jurisdiction. SEC Br.25-29.

Finally, Kroger's letter illustrates that—as the Second Circuit has held—a mooted (i)(7) controversy is capable of future review, which independently forecloses petitioners' mootness argument. SEC Br.20-21. Because Kroger may not file its definitive proxy materials within 80 days of its February 23 letter, 17 C.F.R. 240.14a-8(j), petitioners can immediately bring a private suit against Kroger in district court and use expedited procedures to obtain full review. *Id.*

    Respectfully submitted,

    Tracey A. Hardin
    Assistant General Counsel

    /s/ Theodore J. Weiman
    Theodore J. Weiman
    Senior Appellate Counsel

    Securities and Exchange Commission
    100 F Street, N.E.
    Washington, D.C. 20549
    202-551-5167 (Weiman)
    weimant@sec.gov