

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE**<br>**GENERAL COUNSEL** | **Theodore J. Weiman**<br>202-551-5167<br>weimant@sec.gov |

May 8, 2024

<u>Via CM/ ECF</u>

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  Rule 28(j) Letter in *NCPPR v. SEC*, No. 23-60230

Dear Mr. Cayce:

    The Securities and Exchange Commission, respondent, submits a May 3, 2024 letter from staff in the Division of Corporation Finance to The Kroger Co. (Ex. A) that further confirms that this petition is moot and should be dismissed.

    As previously discussed in the parties' briefs and Rule 28(j) letters, Kroger included petitioner NCPPR's 2023 shareholder proposal in its 2023 proxy materials, but NCPPR resubmitted the same proposal to Kroger for inclusion in its 2024 proxy materials.  The 2023 proposal received 1.88% of the shareholder vote and, on February 23, 2024, Kroger stated its intent to exclude the resubmitted proposal from its 2024 proxy materials.  *See* SEC Br. at 22; SEC Rule 28(j) Resp. at 1 (Feb. 27, 2024).

    In the May 3 letter, staff expressed its informal view that there "appears to be some basis" for Kroger's view that it may exclude the proposal in 2024 under Rule 14a-8(i)(12)(i) because the resubmitted proposal addresses substantially the same subject matter as the 2023 proposal and the 2023 proposal received less than 5% of votes cast.  *See* Letter at 1.  Staff stated it did not find "it necessary to address the

alternative basis for omission" that Kroger had also raised (*id.*), Rule 14a-8(i)(7), which is the subsection relevant to the claims raised in the petition.

The May 3 staff letter confirms yet again that this petition is moot, with no reasonable expectation of recurrence, because Kroger included NCPPR's proposal in its 2023 proxy materials and the proposal failed to reach the shareholder vote threshold in Rule 14a-8(i)(12). As the Commission has discussed (SEC Br. 22), the Supreme Court has held that a mooted controversy concerning Rule 14a-8(i)(7) cannot "reasonably be expected to recur" when subsection (i)(12) applies. *SEC v. Med Comm.*, 404 U.S. 403, 406 (1972)). Nor has *any* basis to conclude otherwise materialized in the year since the petition's April 28, 2023 filing.

Respectfully submitted,

Tracey A. Hardin
Assistant General Counsel

/s/ Theodore J. Weiman
Theodore J. Weiman
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-5167 (Weiman)
weimant@sec.gov

# Ex. A



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
CORPORATION FINANCE

May 3, 2024

Lyuba Goltser
Weil, Gotshal & Manges LLP

Re:   The Kroger Co. (the "Company")
      Incoming letter dated February 23, 2024

Dear Lyuba Goltser:

This letter is in response to your correspondence concerning the shareholder proposal (the "Proposal") submitted to the Company by the National Center for Public Policy Research for inclusion in the Company's proxy materials for its upcoming annual meeting of security holders.

The Proposal requests the Company issue a public report detailing the potential risks associated with omitting "viewpoint" and "ideology" from its written equal employment opportunity policy.

There appears to be some basis for your view that the Company may exclude the Proposal under Rule 14a-8(i)(12)(i). In this regard, we note that the Proposal addresses substantially the same subject matter as a proposal previously included in the Company's 2023 proxy materials, and that the 2023 proposal received less than 5% of votes cast. Accordingly, we will not recommend enforcement action to the Commission if the Company omits the Proposal from its proxy materials in reliance on Rule 14a-8(i)(12)(i). In reaching this position, we have not found it necessary to address the alternative basis for omission upon which the Company relies.

Copies of all of the correspondence on which this response is based will be made available on our website at https://www.sec.gov/corpfin/2023-2024-shareholder-proposals-no-action.

Sincerely,

Rule 14a-8 Review Team

cc:   Scott Shepard
      National Center for Public Policy Research