May 9, 2024

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  Rule 28(j) Response Letter in *National Center for Public Policy Research et al. v. Securities and Exchange Commission*, No. 23-60230

Mr. Cayce:

The SEC claims that its recent issuance of no-action relief *against* Petitioner NCPPR's viewpoint-diversity proposal somehow demonstrates this case is moot. But the SEC's years-long, unbroken pattern of granting no-action relief against that proposal—and thereby greenlighting its exclusion from proxy statements—only confirms that the dispute between the parties is capable of repetition. The SEC has now granted no-action relief against this proposal every single time it has been presented (companies are 7-for-7, a 1.000 batting average). Op.Br.17–18.

The SEC points out that its latest grant of no-action relief to Kroger did not address whether the viewpoint-diversity proposal raises a matter of significant social policy, instead granting relief on a different basis.

But that does not help the SEC. *First*, this Court's stay of the SEC's 2023 grant (also involving Kroger) is still in place, and that stay arguably precludes the SEC from granting no-action relief on the same basis it used in 2023 (i.e., that the proposal does not raise a matter of significant social policy). At the very least, it should be no surprise that the SEC would avoid invoking that basis while this case remains pending.

*Second*, the SEC still has never *disclaimed* its prior position that the viewpoint-diversity proposal doesn't raise a significant social policy.

This Court has held in the no-action context that a case is not moot when the "parties continue to spar over" the correctness of the agency's long-held no-action position—as they undoubtedly do here. *Clarke v. CFTC*, 74 F.4th 627, 636 (5th Cir. 2023).

*Third*, "even setting aside Kroger['s requests for no-action relief], the case is not moot." Op.Br.57. That is because Petitioners have repeatedly submitted the identical proposal to other companies over the years, only to have the SEC grant no-action relief to those other companies when they asked, always on the basis that the proposal didn't raise a matter of significant social policy. Reply.Br.29–31. Petitioners intend to keep submitting the same proposal to various companies. Op.Br.18.

Respectfully,

/s/ R. TRENT MCCOTTER
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel of Record for Petitioners*

cc:    All Counsel