LEHOTSKY KELLER COHN LLP
408 W. 11st Street, 5th Floor
Austin, TX 78701
(512) 693-8350

May 13, 2024

**VIA CM ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Pl.
New Orleans, LA 70130-3408

RE: Response to 28(j) Letter, *National Center for Public Policy Research et al. v. Securities and Exchange Commission*, No. 23-60230

Dear Mr. Cayce:

Intervenor the National Association of Manufacturers submits this response to the SEC's May 8, 2024 letter.

The SEC's submission does not "confirm[] that the petition is moot and should be dismissed." This case is not moot because the challenged SEC no-action decision—issued April 12, 2023—is binding "authority" with continuing effects. 17 C.F.R. 240.14a-8(j)(2)(ii). As the SEC states in Rule 14a-8, companies seeking no-action letters must give "[a]n explanation of why the company believes that it may exclude the proposal, which should, if possible, refer to the most recent applicable *authority*, such as *prior Division letters issued under the rule*." *Id.* (emphases added). This "demonstrates that legal consequences flow from" SEC Rule 14a-8 no-action letters, providing companies a "safe harbor" from SEC enforcement based on prior letters. *Texas v. EEOC*, 933 F.3d 433, 442 (5th Cir. 2019). The parties "continue to spar" over the validity of the no-action letter stayed by this Court. *Clarke v. CFTC*, 74 F.4th 627, 636 (5th Cir. 2023). Consequently, there remains a "concrete interest, however small, in the outcome of the litigation." *Id.*

Indeed, National Association of Manufacturers members sought Rule 14a-8 no-action letters from the SEC during the current 2024 proxy cycle regarding shareholder proposals *from Petitioner NCPPR specifically*. *See Johnson & Johnson* (Mar. 1, 2024), https://www.sec.gov/files/corpfin/no-action/14a-8/ncpprjohnson030124-14a8.pdf; *Pfizer Inc.* (Feb. 28, 2024), https://www.sec.gov/files/corpfin/no-action/14a-

8/ncpprpfizer022824-14a8.pdf; *Intel Co.* (Mar. 22, 2024), https://www.sec.gov/files/corpfin/no-action/14a-8/ncpprintel032224-14a8.pdf.

The SEC's cited authority, *SEC v. Medical Committee for Human Rights*, 404 U.S. 403 (1972), does not account for the SEC's subsequent regulatory provision decreeing that Rule 14a-8 no-action letters establish precedential "authority" for obtaining a safe harbor from agency enforcement. 17 C.F.R. 240.14a-8(j)(2)(ii). It appears the SEC issued this provision in 1998. 63 Fed. Reg. 29106, 20120. The Supreme Court's *Medical Committee* opinion in 1972 could not possibly have considered the SEC's subsequent clarification that Rule 14a-8 no-action letters are binding authority. And that case involved a shareholder lawsuit against a company—not the SEC. *Medical Committee* therefore does not constitute "binding precedent on the point" raised in this litigation. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

Respectfully submitted.

/s/ Scott A. Keller
Scott A. Keller
LEHOTSKY KELLER COHN LLP

cc: All counsel of record via CM/ECF