

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE GENERAL COUNSEL** | Theodore J. Weiman<br>202-551-5167<br>weimant@sec.gov |

February 27, 2024

<u>Via CM/ ECF</u>

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: Rule 28(j) Response in *NCPPR v. SEC*, No. 23-60230

Dear Mr. Cayce:

    Petitioners' claim that new developments make this case no longer moot omits key facts and precedent that confirm the opposite, and that confirm that this case remains an inappropriate vehicle for rehearing *en banc*.

    Petitioners resubmitted the 2023 proposal involved here to Kroger for 2025 and Kroger requested a no-action letter. But petitioners fail to mention that the ***same events*** occurred in 2024—and staff responded with its informal, non-binding view that the proposal was excludable for three years under Rule 14a-8(i)(12)(i) because it failed to attain 5% of the 2023 shareholder vote. Accordingly, staff did not "address the alternative basis for omission" under (i)(7). Ex.A. In its recent letter, Kroger again invokes Rule 14a-8(i)(12)(i).

    This confirms the panel's holding that petitioners' challenge is moot under *SEC v. Medical Committee for Human Rights*, 404 U.S. 403 (1972), which petitioners ignore in both their letter and petition for rehearing. As discussed in the Commission's rehearing response (Resp. 10-11), the Supreme Court squarely held in *Medical Committee* that a dispute about the

exclusion of a shareholder proposal under (i)(7) is moot and cannot "reasonably be expected to recur" when (i) the company included it after litigation began and (ii) it received so few votes that the three-year exclusion was triggered.  404 U.S. at 406.  Even after three years, the Court held, it is "conjecture" that a company would exclude a proposal with such "meager support" and risk litigation.  *Id.*  Indeed, petitioners resubmitted their proposal to six other companies last year and *none* excluded it or requested a no-action letter.  Resp. 11-12.

Petitioners argue that Kroger still maintains its view that the proposal could be excluded under (i)(7).  But the same was true in *Medical Committee*:  the shareholder said it would "continue to urge" the proposal's "inclusion in proxy statements," and the company "adhered to its opinion that the proposal might properly be omitted and that its inclusion was without prejudice to future exclusion."  404 U.S. at 406.  The Supreme Court held that such circumstances do "not create the controversy that is necessary for us to retain jurisdiction to decide the merits."  *Id.*

Respectfully submitted,

Tracey A. Hardin
Solicitor

/s/ Theodore J. Weiman
Theodore J. Weiman
Senior Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-5167 (Weiman)
weimant@sec.gov

# Ex. A

May 3, 2024

Lyuba Goltser
Weil, Gotshal & Manges LLP

Re: The Kroger Co. (the "Company")
Incoming letter dated February 23, 2024

Dear Lyuba Goltser:

This letter is in response to your correspondence concerning the shareholder proposal (the "Proposal") submitted to the Company by the National Center for Public Policy Research for inclusion in the Company's proxy materials for its upcoming annual meeting of security holders.

The Proposal requests the Company issue a public report detailing the potential risks associated with omitting "viewpoint" and "ideology" from its written equal employment opportunity policy.

There appears to be some basis for your view that the Company may exclude the Proposal under Rule 14a-8(i)(12)(i). In this regard, we note that the Proposal addresses substantially the same subject matter as a proposal previously included in the Company's 2023 proxy materials, and that the 2023 proposal received less than 5% of votes cast. Accordingly, we will not recommend enforcement action to the Commission if the Company omits the Proposal from its proxy materials in reliance on Rule 14a-8(i)(12)(i). In reaching this position, we have not found it necessary to address the alternative basis for omission upon which the Company relies.

Copies of all of the correspondence on which this response is based will be made available on our website at https://www.sec.gov/corpfin/2023-2024-shareholder-proposals-no-action.

Sincerely,

Rule 14a-8 Review Team

cc: Scott Shepard
National Center for Public Policy Research